13-2600
Li v. Holder

BIA
Hom, IJ
A087 795 456

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

BAOFEN LI,
> *Petitioner,*

> v.                                                         13-2600
>                                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:       Evan Goldberg, Of Counsel for Law Office of Theodore M. Davis, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Stefanie A.

Svoren-Jay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Baofen Li, a native and citizen of the People's Republic of China, seeks review of a June 5, 2013 decision of the BIA affirming the April 23, 2012 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied Li's application for asylum and withholding of removal. *In re Baofen Li*, No. A087 795 456 (BIA June 5, 2013), *aff'g* No. A087 795 456 (Immig. Ct. N.Y. City Apr. 23, 2012). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, and accordingly we follow the BIA in assuming Li's credibility. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Under the REAL ID Act, the agency may require corroboration despite otherwise credible testimony, and deny an application based on the failure to provide such corroboration, if the corroborating evidence is reasonably available. 8 U.S.C. § 1158(b)(1)(B)(ii); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 251-52 (2d Cir. 2011)(per curiam). Li argues that the agency failed to explain why the corroborating evidence it required was reasonably available, and that the required evidence was not, in fact, reasonably available. However, the IJ specifically stated in his decision that the corroborating documentation that he required was evidence that Li had been pregnant or had an abortion, and that in the absence of that specific documentation, he required some evidence that Li had attempted to obtain copies of the necessary medical records. Accordingly, because the IJ identified what evidence Li should have provided, and discussed why that evidence was reasonably available; and because Li did not explain the omission of the specific evidence the IJ required, did not offer a compelling argument that the evidence was not reasonably available and did not show that she had made any efforts to obtain the necessary documentation, we defer to

3

the agency's conclusion that she did not meet her burden to show past persecution. *See* 8 U.S.C. § 1252(b)(4); *Chuilu Liu v. Holder*, 575 F.3d 193, 197-98 (2d Cir. 2009).

Li also contends that she fears future persecution based on her Muslim religion. As the agency concluded, Li did not present any evidence that Chinese authorities were aware either that she was Muslim or that she worshiped at a mosque, and, as a result, Li did not show a well-founded fear of future persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)(per curiam)(to establish a well-founded fear of persecution without any evidence of past persecution, an alien must show a reasonable possibility that authorities in her country of nationality are either aware of or likely to become aware of her activities). Moreover, to establish a pattern or practice of persecution against a particular group, a petitioner must demonstrate that the harm to the allegedly persecuted group is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). Here, substantial evidence supports the agency's conclusion that the background evidence submitted

4

by Li—the U.S. State Department's 2010 International Religious Freedom Report on China—does not establish a systemic, pervasive, or organized persecution of Muslims in China so as to constitute a pattern or practice of persecution.  *See Mufied*, 508 F.3d at 92-93.

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court